UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MARIA DEL REFUGIO | ) | |
| INFANTE VASQUEZ, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:11CV01561AGF |
| | ) | |
| RAYMOND E. HILL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This action for negligence and wrongful death is before the Court on the motion of Defendants Raymond E. Hill and Heartland Express, Inc. of Iowa, to dismiss pursuant to Federal Rule of Civil Procedure 41(b) due to the failure of Plaintiffs, Maria Del Refugio Infante Vasquez, Sheila Gordillo, Tanya Gordillo, Aaron Gordillo, and Arturo Gordillo, Jr., to comply with a state court order.  Defendants move, in the alternative, to recover costs pursuant to Fed. R. Civ. P. 41(d) and to stay this action pending payment of such costs.  For the reasons set forth below, the motion to dismiss will be denied and the motion for costs and to stay will be granted.

## Background

On August 31, 2007, Maria Del Refugio Infante Vasquez, one of the Plaintiffs in this action filed a suit against Defendants for the wrongful death of her daughter, Elsa Gordillo.  The action was transferred to the Circuit Court of Phelps County, Missouri, where during the course of  discovery, a question arose as to the immigration status of Cesar Gordillo, the class representative.  The Phelps County Circuit Court allowed

Defendants to inquire into Mr. Gordillo's immigrant status and set the case for trial.  At a pretrial conference on the day of trial, the Court informed Plaintiffs that due to questions about Mr. Gordillo's immigration status, the bailiff would likely have to arrest Mr. Gordillo if he was present in the courtroom.  Plaintiffs, including Mr. Gordillo, and their counsel then left the courthouse to obtain documentation[1] of Mr. Gordillo's immigration status.  Plaintiffs' counsel returned to the courthouse later that morning to request a continuance for purposes of obtaining Mr. Gordillo's passport which was being held by a family member in Chicago.  The Circuit Court granted the continuance, noting that apart from questions related to  Mr. Gordillo's immigration status, Plaintiffs were apparently prepared and were willing to proceed to trial on that date.  The Circuit Court ordered Plaintiffs to pay Defendants all reasonable attorney's fees, expenses, and costs occasioned by Plaintiffs' request for a continuance on the day of trial.  (Doc. No. 7-4 at 4.)

Thereafter, Plaintiffs filed a motion to substitute Maria del Refugio Infante Vasquez as the class representative in lieu of Mr. Gordillo.  The Circuit Court granted that motion and the motions of Tanya Gordillo, Sheila Gordillo, and Arturo Gordillo, Jr., to intervene as additional plaintiffs.  (Doc. No. 7-7.)  Subsequently, on April 22, 2010, the Circuit Court held a hearing on Defendants' motion for attorney's fees, expenses, and costs and ordered Plaintiffs to pay Defendants $9,761.50 in attorney's fees, expenses, and

---

[1]    Plaintiffs' counsel sought time to obtain Mr. Gordillo's passport or other documentation of immigration status.

costs as a sanction for Plaintiffs' request for a trial continuance on the day of trial.  (Doc. No. 7-8.)

Plaintiffs then sought a writ of prohibition from the Missouri Court of Appeals, to prevent the Circuit Court from enforcing its April 22, 2010 Order.  After Defendants filed their responsive pleadings, the Missouri Court of Appeals granted a preliminary writ of prohibition directing the Honorable Tracy Storie, Associate Circuit Judge, of the Phelps County Circuit Court, to "refrain from enforcing your order of April 22, 2010, as it pertains to conditioning the trial of the case on the payment of fees, costs, and expenses." (Doc. No. 8-1.)  Thereafter, Plaintiffs voluntarily dismissed their claims against Defendants and paid court costs in the amount of $568.96.  (Doc. No. 8-2.)  The Missouri Court of Appeals then quashed the preliminary writ and denied the petition for a final writ of prohibition as moot in light of the voluntary dismissal.  (Doc. No. 7-9.)

On September 9, 2011, all plaintiffs from the Circuit Court action with the exception of Mr. Gordillo, filed the present action alleging the same claims as set forth in the Circuit Court petition against the same defendants.  As of this date, Plaintiffs have paid the costs noted above, but have not paid any additional amounts in fees or expenses.

**The Request for Dismissal under Rule 41(b)**

Defendants move to dismiss this action under Rule 41(b) asserting that dismissal is proper because Plaintiffs have not complied with the Circuit Court's April 22, 2010 Order.  Plaintiffs respond that such a dismissal would be improper because the April 22, 2010 Order was intended as a sanction against Mr. Gordillo who is no longer a party to the suit, or in the alternative that the issuance of the preliminary writ of prohibition

relieved Plaintiffs of any obligation to comply with that Order.  Plaintiffs further argue that dismissal would amount to an impermissible interference in state court proceedings.

**Applicable Law**

Rule 41(b)[2] provides that a defendant may seek dismissal of the claims against it in the event that a plaintiff fails to comply with an order of court.  The Rule functions to promote the expeditious handling of cases and to protect opposing parties from prejudice arising from vexatious, dilatory conduct, such as forum shopping.  *Keocher v. Federal Nat. Mortg. Ass'n*, No. 11-2947 (DWF/JJK), 2012 WL 3052905, at* 4 (D. Minn. Jul. 9, 2012) (quoting *Hutchins v. A.G. Edwards & Sons, Inc.*, 116 F.3d 1256, 1260 (8th Cir. 1997)).  Dismissal with prejudice under Rule 41(b) is reserved for use in cases involving "willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay."  *Siems v. City of Minneapolis*, 560 F.3d 824, 826 (8th Cir. 2009) (internal quotation omitted).  A defendant seeking dismissal under Rule 41(b) need not show bad faith or willful disobedience, but must show that the plaintiff acted voluntarily and purposefully.  *Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 2000).

---

[2]    Rule 41(b) provides:
 **Involuntary Dismissal; Effect**. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule-except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19-operates as an adjudication on the merits.

In determining whether to grant a request for dismissal under Rule 41(b), a court weighs the need to advance its docket against the irrevocable extinguishment of a litigant's claim and considers the proportionality of the sanction in light of the litigant's transgressions and whether a less severe sanction could remedy the prejudice to the opposing party.  *Smith v. Gold Dust Casino*, 526 F.3d 402, 405 (8th Cir. 2008); *Doe v. Cassel*, 403 F.3d 986, 990 (8th Cir. 2005).

Upon consideration of the procedural history of the Circuit Court action, this Court is persuaded that dismissal with prejudice under Rule 41(b) would be an unduly harsh sanction here.  The record does not indicate that Plaintiffs have been purposefully dilatory, nor that the filing of the instant suit is vexatious or motivated by a desire to obtain a decision in a more favorable forum.  Rather, the record indicates that Plaintiffs duly prepared for trial but were called upon to address a collateral issue regarding Mr. Gordillo's immigration status.  They addressed that issue and were willing to proceed to trial but for the requirement to pay attorney's fees and costs, the validity of which the preliminary writ of prohibition called into question.

There is no obvious benefit to Plaintiffs or resulting burden upon Defendants arising from pursuit of the claim here rather than in the Circuit Court.  Therefore, the Court is persuaded that the severe sanction of  dismissal with prejudice is not appropriate here and that the interests represented by Rule 41 may be protected without extinguishing Plaintiff's claim.  For this reason, Defendants' motion to dismiss this action pursuant to Fed. R. Civ. P. 41(b) will be denied.

**Awarding Costs under Rule 41(d)**

Defendants assert in the alternative that they are entitled to an award of costs under Rule 41(d) and that the term "costs" as interpreted under Rule 41(d) includes attorney's fees and expenses as well as court costs.  Plaintiffs object to an award of costs and assert that for purposes of Rule 41(d), "costs" do not include attorney's fees.

**Applicable Law**

Rule 41(d) provides:

> **Costs of a Previously Dismissed Action.**  If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court:
> (1) may order the plaintiff to pay all or part of the costs of that previous action; and
> (2) may stay the proceedings until the plaintiff has complied.

Although there is a split of authority among the circuits on this issue, the Court is satisfied on the basis of the rulings in *Evans v. Safeway Stores*, *Inc.*, and by the majority of the district courts in the Eighth Circuit that have addressed the issue, that it has discretion to award attorney's fees as "costs' as used in  Rule 41(d).  *Evans v. Safeway Stores*, *Inc.*, 623 F.2d 121, 122 (8th Cir. 1980) (specifically citing Rule 41(d) and holding that "the district court did not abuse its discretion in awarding defendant-appellee $200 attorney fees.").   In *Evans,* the Eighth Circuit Court of Appeals affirmed without discussion an award of attorney's fees as costs within the meaning of Rule 41(d).  *Id.* Following *Evans* numerous district courts within the Eighth Circuit have awarded attorney's fees as Rule 41(d) costs.  *See Robinson v. Bank of America, N.A.,* No. 11-2284 (MJD/LIB), 2012 WL 2885128, at *13 (D. Minn. May 31, 2012) (citing cases).

Therefore, although attorney's fees need not be awarded in every case involving an award of costs under Rule 41(d), the Court concludes that attorney's fees are recoverable as such costs within the Court's discretion.

To obtain an award under Rule 41(d), "the moving party need only establish that: (1) a plaintiff's previous action was dismissed; (2) a second action was commenced that is based upon or includes the same claim against the same defendant; and (3) there are costs and attorneys' fees incurred by the defendant in the prior action that will not be useful in the newly-filed litigation." *Robinson,* 2012 WL 2885128, at *13; *Siepel v. Bank of America, N.A.*, 239 F. R. D. 558, 563 (E. D. Mo. 2006). However, "[i]f it appears that there was a good reason for the dismissal of the prior action or that the plaintiff financially is unable to pay the costs," a court need not require payment of costs and attorney's fees. 9 C. Wright & A. Miller, Federal Practice and Procedure § 2375 at 772 (2008).

As noted above, the Court cannot say that Plaintiffs' pursuit of this action in this Court is "vexatious, unreasonable or frivolous" or that Plaintiffs' sole motivation in filing this suit was to find a more favorable forum. The Circuit Court action was dismissed on the eve of trial, but there is no indication in the record that Plaintiffs were unprepared for trial or suddenly possessed of the notion that an action in federal court would be more favorable to them. Rather, inquiries about Mr. Gordillo's immigration status prompted the continuance and the award of costs and fees by the Circuit Court.

Defendants do not contend or offer documentation that the costs and fees incurred in the Circuit Court action will not be useful here. They rely instead on the award of fees

and costs ordered by the Circuit Court to justify such an award here.  While a previous award may be a factor to consider in reaching a decision under Rule 41(d), it is not dispositive. The first two requirements for an award of costs including attorney's fees are met, but the Court will not impose on Plaintiffs costs and fees which may be useful to Defendants in the second action.  *Robinson,* 2012 WL 2885128, at *13.  Therefore, Defendants will be required to identify those costs and fees incurred in the previous action that will not be of use or will require duplication here.  *Id.*; *Copeland v. Hussmann Corporation,*  462 F. Supp. 2d 1012, 1024  (E.D. Mo. 2006).   If  Defendant can demonstrate such costs or fees the Court will consider an award of fees and costs, and whether further proceedings should be stayed pending the payment of such fees.

Accordingly,

 **IT IS HEREBY ORDERED** that Defendants' Renewed Motion to Dismiss or in the Alternative for Costs and to Stay Proceedings (Doc. No. 20), is **GRANTED in part and DENIED in part**, as follows:

a.     Defendants' request for dismissal of Plaintiffs' complaint pursuant to Rule 41(b) is **DENIED.**

b.     Defendants' request for an award of attorney's fees and costs is **GRANTED in part** as set forth above.

**IT IS FURTHER ORDERED** that  Defendants shall submit on or before October 24, 2012, documentation to support an award of previously incurred attorney's fees and costs on the ground that such expenditures have not been, or will not be, of use in this

action.  Plaintiffs is granted until October 31, 2012, to respond to Defendants'

submission.


AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE


Dated this 17th day of October, 2012.