UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARIA DEL REFUGIO INFANTE VASQUEZ, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) Case No. 4:11CV01561AGF |
| RAYMOND E. HILL, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' alternative request for an award of costs associated with the dismissal by some of the Plaintiffs of a state court action previously filed in the Circuit Court of Phelps County, Missouri and related to the claims asserted herein. (Doc. No. 20). The Court previously entered an Order (Doc. No. 38) refusing to dismiss Plaintiffs' suit as a sanction pursuant to Federal Rule of Civil Procedure 41(b), but indicating that an award of the attorney's fees incurred in the related lawsuit might be appropriate. The Court asked Defendants to submit documentation in support of such an award and to explain why such expenditures have not been, or will not be, of use in the current action.

In response to the Court's Order, Defendants filed documentation, asserting that they should be awarded $9,778.50 in attorney's fees attributable to the appearance of counsel and support staff on the day of the previously scheduled trial. Defendants contend that these attorney's fees will not be useful in this litigation as they represent time expended for travel to and from Rolla, Missouri, for the trial, attendance at the trial, and lodging and dining expenses, which cannot be recouped or re-used in this action.

In response, Plaintiffs urge the Court to deny or reduce the award on the grounds that choice of law issues addressed and resolved in the Circuit Court on the day of trial will prove useful in this action; that Defendants' own request to transfer the Circuit Court case from Jackson County, a location near their attorney's offices, to Rolla gave rise to the significant travel expenses; and that Judge Story, the presiding judge in the Circuit Court proceeding, explicitly stated that he did not want to penalize "the three children" (who are the plaintiffs in this action) because of questions that arose regarding the immigration status of Cesar Gordillo, the former class representative, who is no longer a party to the action.[1]  Doc. No. 7-6 at 6.

The Court has discretion to determine and adjust the amount of attorney's fees awarded as "costs" under Federal Rule Of Civil Procedure 41(b) and properly considers the proportionality of the sanction in light of the litigant's transgressions and whether a less severe sanction could remedy the prejudice to the opposing party.  *Cf. Smith v. Gold Dust Casino*, 526 F.3d 402, 405 (8th Cir. 2008) (considering the propriety of dismissal with prejudice as a sanction under Rule 41(b)); *Doe v. Cassel*, 403 F.3d 986, 990 (8th Cir. 2005) (same).  Indeed, "[i]f it appears that there was a good reason for the dismissal of the prior action or that the plaintiff financially is unable to pay the costs," a court need not require the payment of any previously incurred costs and attorney's fees.  9 C. Wright & A. Miller, Federal Practice and Procedure § 2375 at 772 (2008).

---

[1] At the time of the state court continuance and the imposition of sanctions there, Judge Story stated this "[sanctions order ] does  not apply to the three children that were added today."  Doc. No. 7-6 at 6.  The order was, however, made applicable to a plaintiff in this action, Maria Del Refugio Infante Vasquez, as the substituted representative for Cesar Gordillo.  *Id.*

Here, the Court notes that the named Plaintiff in the state court action, whose immigration status gave rise to the dismissal, is no longer a party to the suit; that several of the current Plaintiffs were not parties to that suit; and that issues pertinent to these proceedings were apparently resolved at those final state court proceedings. Having considered the degree of prejudice to Defendants, the proportionality of the award in light of "the [remaining] litigants'] transgressions," and those factors identified by Plaintiffs in support of a reduction of the requested award, the Court will award Defendants $2,500.00 in attorney's fees and costs, constituting slightly more than 25 percent of the requested amount. *Rodgers v. Curators of Univ. of Mo.*, 135 F.3d 1216, 1219 (8th Cir. 1998).

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Raymond E. Hill and Heartland Express, Inc. of Iowa are awarded attorney's fees and costs in the amount of Two Thousand Five Hundred Dollars ($2,500.00).

**IT IS FURTHER ORDERED** that Plaintiffs shall pay to Defendants the awarded fees and costs on or before **December 31, 2012**.

**IT IS FURTHER ORDERED** that failure to make such payment in a timely fashion may result in dismissal of this action.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 30th day of November, 2012.