UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARIA DEL REFUGIO ) <br> INFANTE VASQUEZ, et al., ) <br> ) <br>     Plaintiffs, ) <br> ) <br>   vs. ) <br> ) <br> RAYMOND E. HILL, et al., ) <br> ) <br>     Defendants. ) | Case No. 4:11CV01561AGF |

**MEMORANDUM AND ORDER**

This is an action for wrongful death and personal injuries arising out of a collision that took place in this judicial district on March 3, 2007, which resulted in the death of Elsa Gordillo. Plaintiff Maria Del Refugio Infante Vasquez, the decedent's mother, is the personal representative. In Count I, Vasquez and Plaintiffs Sheila Gordillo, Tanya Gordillo, Aaron Gordillo, and Arturo Gordillo, Jr., also surviving relatives of the decedent, assert a claim for wrongful death against Defendant, Heartland Express, Inc. of Iowa and Raymond Hill, a semi-trailer truck driver employed by Heartland. Plaintiffs allege that Defendants' negligence proximately caused Elsa Gordillo's death when a semi-trailer truck owned by Heartland and driven by Hill hit the vehicle[1] in which Elsa Gordillo was a passenger. Plaintiffs claim the collision pushed the vehicle into the pickup truck, parked on the side of the road, in which Sheila Gordillo, Tanya Gordill, Aaron Gordillo, and Arturo Gordillo, Jr., were riding, and ultimately, into a ravine. In Counts II-IV, each of the Plaintiffs other than Vasquez assert a claim for personal injuries.

Now before the Court is Defendants' motion for summary judgment.  For the reasons set forth below, Defendants' motion will be denied.

In their complaint, Plaintiffs allege that Hill breached a duty to exercise the highest degree of care in the operation of the semi-trailer truck by driving at excessive speed; carelessly and negligently failing to keep a careful lookout ahead; following the vehicle driven by the decedent too closely; and/or failing to stop, swerve, slacken speed or sound a warning.  Plaintiffs further allege that Heartland, as Hill's employer, is liable for Hill's negligence under the doctrine of respondeat superior, and separately assert that Heartland was negligent in failing to properly instruct, train, or provide proper courses for Hill regarding the safe operation of the semi-trailer truck.[1]

**Applicable Law**

**Choice of Law**

Federal district courts sitting in diversity apply the choice of law rules of the state in which they sit, *Whirlpool Corp. v. Ritter*, 929 F.2d 1318, 1320 (8th Cir. 1991), and are "bound by decisions of the highest state court when interpreting state law." *Beckon, Inc. v. AMCO Ins. Co.*, 616 F.3d 812, 819 (8th Cir. 2010) (citation omitted).  When, as here, neither party raises a conflict of law issue[2] in a diversity case, a federal court properly

---

[1] Plaintiffs do not explicitly allege, but they did assert at oral argument, that Heartland negligently entrusted its semi-trailer truck to Hill, despite their knowledge that Hill had a record of safety violations and health issues that affected his alertness and concentration.

[2] In the related action previously filed in the Circuit Court for Phelps County, Missouri, the parties addressed the choice of law question.  That court also determined that Missouri has the most significant relationship to the claims asserted here and accordingly that Missouri law should apply.  *See, e.g., Skewes v. Masterchem Industries,*

applies the law of the state in which the federal court sits. *See BBSerCo, Inc. v. Metrix Co.*, 324 F.3d 955, 960 n. 3 (8th Cir. 2003). Moreover, the Court notes that the accident occurred in this district. Therefore, the Court applies Missouri substantive law in this case.

### Summary Judgment Standard

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

> On a motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts. Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.

*Gibson v. American Greetings Corp.*, 670 F.3d 844, 853 (8th Cir. 2012) (quoting *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (internal quotation marks and citation omitted)).

"Although the burden of demonstrating the absence of any genuine issue of material fact rests on the movant, a nonmovant may not rest upon mere denials or allegations, but must instead set forth specific facts sufficient to raise a genuine issue for trial." *Wingate v. Gage Cnty. Sch. Dist., No. 34*, 528 F.3d 1074, 1078-79 (8th Cir. 2008). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be

---

*Inc.*, 164 S.W.3d 92, 95 (Mo. Ct. App. 2005).

insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

**Negligence**

In order to make a submissible case of negligence under Missouri law, the plaintiff must prove that the defendant had a duty to protect plaintiff from injury, defendant failed to perform that duty, and defendant's failure proximately caused an injury to plaintiff. *L.A.C. ex rel. D.C. v. Ward Parkway Shopping Center Co., L.P.,* 75 S.W.3d 247, 257 (Mo. 2002). The question of "[w]hether a duty exists is purely a question of law" and, therefore, a question for the court alone. *Id.*

> A legal duty owed by one to another may arise from at least three sources: (1) it may be prescribed by the legislative branch; (2) it may arise because the law imposes a duty based on the relationship between the parties or because under a particular set of circumstances an actor must exercise due care to avoid foreseeable injury; or (3) it may arise because a party has assumed a duty by contract or agreement whether written or oral.

*Hackmann v. Missouri American Water Co.*, 308 S.W. 3d 237, 239 (Mo. Ct. App. 2009). Although the existence of a duty is a question for the court, the question of whether the duty has been breached is a question of fact for resolution by the jury. *Id.*

"Negligence is always a question for the jury when there is conflicting evidence on the issue or where, the facts being undisputed, reasonable minds could draw different conclusions therefrom." *Ross v. Presley*, 359 S.W.3d 156, 160 (Mo. Ct. App. 2012). In addition, "[conflicting facts surrounding the origin of an accident and consequences stemming therefrom are material" and preclude summary judgment. *Id.*

**Discussion**

    **Plaintiffs' Claim against Hill**

Defendants argue that they are entitled to summary judgment with respect to Plaintiffs' claims against Hill because the record establishes that he could not have been traveling faster than sixty-four miles per hour, a lawful speed on the highway in question. Plaintiffs respond that the question of whether Hill was traveling at an excessive speed is one of fact to be determined in light of all the circumstances, such as visibility and road condition, at the time of the accident.

Under Missouri law, "[e]very person operating a motor vehicle on the road and highways of [Missouri] shall drive the vehicle in a careful and prudent manner and at a rate of speed so as not to endanger the property of another or the life and limb of any person and shall exercise the highest degree of care." Mo. Rev. Stat. § 304.012.1. The "highest degree of care" is defined as "that degree of care that a very careful person would use under same or similar circumstances." *Crane v. Drake*, 961 S.W.2d 897, 901 (Mo. Ct. App. 1998).

In an excessive speed case, a plaintiff must demonstrate that the defendant driver was driving at a speed that, under the circumstances, prevented the driver from avoiding the collision. *Smith v. Missouri Highways and Transp. Comm'n,* 372 S.W.3d 90, 95 (Mo. Ct. App. 2012). Whether a particular speed is excessive depends on the conditions of the highway and surrounding circumstances. *Id.*; *see also Calvert v. Super Propane Corp.*, 400 S.W.2d 133, 139 (Mo. 1966). In addition, "[s]peed may be considered excessive even if it falls within the stated speed limit." *Bank of Am., N.A. v. Stevens*, 83

S.W.3d 47, 54 (Mo. Ct. App. 2002) ; *see also Dorrell v. Moore,* 504 S.W.2d 174, 179 (Mo. Ct. App. 1973).

As Defendants note, it is undisputed[3] that the semi-trailer truck was "governed" at sixty-four miles per hour, and therefore that Hill could not have been traveling faster than the lawful speed of sixty-four miles per hour at the time of the accident.  Defendants' reliance on the "governed speed," however, is misplaced.  Establishing that the semi-trailer truck could not have been traveling faster than sixty-four miles per hour at the time of the accident does not establish that such speed was not excessive.  Plaintiffs correctly assert that whether that speed was excessive is a question of fact to be considered by the jury in light of all relevant conditions at the time of the accident.  *Stevens*, 83 S.W.3d at 54.  Here, the circumstances and conditions surrounding the accident are disputed even if the speed is not.  For this reason, Defendants' request for summary judgment with respect to the claim that Hill was traveling at an excessive speed must fail.

Defendants also urge the Court to grant summary judgment with respect to Plaintiffs' other allegations of Hill's negligence, asserting that Plaintiffs have failed to offer any evidence that Hill followed too closely, failed to keep a careful lookout, to stop, swerve or to sound a warning.  In support of this position, Defendants also rely on deposition testimony they contend demonstrates that Patricia Gordillo, has no memory of the accident or sliding on the bridge and that Patricia Gordillo, Arturo Gordillo, Sr.,

---

[3]  The record establishes that the semi-trailer truck was "governed," meaning that the driver could not exceed a speed of  64 miles per hour.  Doc. No. 34-2, p.15.

Sheila Gordillo, and Tanya Gordillo have no information regarding the speed of the semi-trailer truck.

Plaintiffs respond that the evidence on record creates genuine and material factual disputes regarding Hill's alleged failures to keep a careful lookout, to follow at an appropriate distance, or to stop, swerve, slacken speed or sound a warning.

Upon review of the record, the Court is satisfied that Plaintiffs have come forward with evidence regarding road conditions, visibility, and whether Hill attempted to slow down or otherwise avoid hitting the car in which the decedent rode. Resolution of the disputed facts regarding these issues will require the weighing of evidence and assessment of credibility, functions reserved to the jury and beyond the scope of a court's authority on a motion for summary judgment. *Ross*, 359 S.W.3d at 160. Moreover, because they typically depend upon numerous interrelated factual determinations, claims of negligence that relate to following too closely or failing to stop or swerve "are more properly considered as issues relating to jury instruction," and are best reserved for consideration at the conclusion of the evidence produced at trial. *Veehoff v. Swift Transp. Co.*, No. 4:07CV1323 CDP, 2008 WL 3915167, *1 (E.D. Mo. Aug. 20, 2008).

Finally, Defendants assert that the record establishes that Patricia Gordillo, the driver of the car in which the decedent was a passenger, lost control of that vehicle, and therefore that Hill's operation of the tractor-trailer could not, as a matter of law, be a proximate cause of Plaintiffs' injuries. Plaintiffs respond that evidence of Patricia Gordillo's negligence may not be considered with respect to the question of proximate cause because she is not a party to this action.

Proximate causation is a mixed question of law and fact, and genuine issues of material fact regarding proximate causation will preclude the entry of summary judgment. *Wagner v. Bondex Intern., Inc.,* 368 S.W.3d 340, 350-351 (Mo. Ct. App. 2012).  Under Missouri law, a defendant may offer evidence that the act of a third person, even a non-party, caused the plaintiff's injuries.  *Mengwasser v. Anthony Kempker Trucking*, 312 S.W.3d 368, 373 (Mo. Ct. App. 2010).  Such evidence will not, however, preclude a determination that the defendant is liable because a defendant's negligence can be the proximate cause of an injury without being the sole cause of that injury.  *Wagner,* 368 S.W.3d at 350-351 (holding that it is only necessary that the defendant's negligence be a cause or a contributing cause of the injury, not the exclusive cause) (quoting *Callahan v. Cardinal Glennon Hospital*, 863 S.W.2d 852, 862 (Mo. 1993)).  Therefore,  Defendants' contentions regarding Patricia Gordillo's role in the accident do not mandate a determination that Hill's actions could not have been a proximate cause of the accident.

For these reasons Defendants' request for summary judgment with respect to Plaintiffs' claim against Hill will be denied.

**Plaintiffs' Claim against Heartland**

Defendants also move for summary judgment with respect to Plaintiffs' claim that Heartland was negligent in failing to properly train Hill, arguing, first that Heartland owed no duty to Plaintiffs, and in the alternative, that even if Heartland owed such a duty, Plaintiffs cannot establish a breach of the duty to provide training, because the record shows that Heartland provided Hill with some safety training.

In response, Plaintiffs assert that under Missouri law, negligent failure to provide adequate safety training forms a basis for recovery and that the question of whether Heartland breached its alleged duty to provide safety training is a question of fact to be determined by the jury and not by the Court.

As pled, Plaintiffs' claim against Heartland is premised upon one of two theories: respondeat superior liability or negligent supervision, specifically, a negligent failure to provide adequate safety training.[4]  In support of the motion for summary judgment, Defendants assert that under either of these theories, Heartland owed no duty to Plaintiffs.  This contention is without merit.

Under the doctrine of respondeat superior, an employer is liable for its employee's negligence in operating the employer's vehicle, if the employee was acting within the scope of his or her authority.  *McHaffie v. Bunch*, 891 S.W.2d 822, 826 (Mo. 1995); *Lindquist v. Scott Radiological Group, Inc.*, 168 S.W.3d 635, 655 (Mo. Ct. App. 2005).  Once vicarious liability for negligence is admitted under a theory of respondeat superior, the person or entity to whom negligence is imputed becomes strictly liable to the third party for damages attributable to the conduct of the agent or employee.  *Id.*  The liability

---

[4]  Plaintiff also argues, but has not explicitly pled, allegations that might be construed as a claim for negligent entrustment.  The requisite elements of a claim for negligent entrustment are that the entrustee was incompetent by reason of age, inexperience, habitual recklessness or otherwise; the entrustor knew or had reason to know of the entrustee's incompetence; there was entrustment of the chattel; and the negligence of the entrustor concurred with the conduct of the entrustee to cause the plaintiff's injuries.  *Hays v. Royer*, No. WD 74772, 2012 WL 4074556,*2 (Mo. Ct. App., Sept. 18, 2012) (quoting *Hallquist v. Smith*, 189 S.W.3d 173, 175-76 (Mo. Ct. App. 2006)).

of the employer is fixed by the amount of liability of the employee. *Helm v. Wismar*, 820 S.W.2d 495, 497 (Mo. 1991).

Under Missouri law, negligent failure to provide adequate training is also recognized as a variant of the common law tort of negligence. *Garrett v. Albright*, No. 06-CV-4137-NKL, 2008 WL 795621, at *5 (Mo. Ct. App. Mar. 21, 2008). To make out a prima facie case of negligent training, a plaintiff must plead and prove a legal duty on the part of the defendant to use ordinary care to protect the plaintiff against unreasonable risks of harm; a breach of that duty; a proximate causal link between the breach and the resulting injury; and actual damages. *Id.; see also G.E.T. ex rel. T.T. v. Barron*, 4 S.W.3d 622, 624 (Mo. Ct. App. 1999)  In a negligent training case, "the determination of whether the duty of ordinary care has been breached turns on whether a reasonable person could have foreseen that injuries of the type suffered might occur" as a consequence of the failure to adequately train. *Garrett*, 2008 WL 795621, at *5. Thus, the Plaintiffs must show that Heartland's failure to properly train or supervise Hill proximately caused their injuries. *Garrett*, 2008 WL 795621, at *5.

The Court is satisfied that under one of the aforementioned theories,[5] Heartland had a duty to Plaintiffs. As Plaintiffs assert, the question of whether Heartland breached

---

[5]  Negligent training and supervision claims are typically limited to cases involving conduct outside the defendant's employment or agency. *Garrett*, 2008 WL 795621, at *5. If the basis for the application of respondeat superior liability, that Hill was operating the semi-truck in the scope of his employment, is established, Plaintiffs will not also be able to submit a claim for negligent supervision. *McHaffie*, 891 S.W.2d at 825. "The majority view is that once an employer has admitted respondeat superior liability for [ ] negligence, it is improper to allow a plaintiff to proceed against the employer on any other theory of imputed liability." *Id.*

this duty is one of fact reserved to the jury under Missouri law. *Crane*, 961 S.W.2d at 901 (citing *Hollis v. Belvins*, 927 S.W.2d 558, 564 (Mo. Ct. App.1996)). Although Defendants offer some evidence that Hill received safety training, the Plaintiffs have set forth evidence from which a reasonable juror could conclude that Heartland failed adequately to train Hill. For example, although Heartland notes that it provided written materials to its drivers, Plaintiffs have set forth evidence that Heartland's training was brief and failed to cover certain topics such as driving under adverse weather conditions. Factual disputes such as these preclude the entry of summary judgment for Heartland on this claim.

For these reasons, Defendants' request for summary judgment with respect to Plaintiffs' claim against Heartland will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion for summary judgment is **DENIED**. (Doc. No. 33.)

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 17th day of December, 2012.